**James D. Kepley, Jr., VSB #30603**
**KEPLEY BROSCIOUS & BIGGS, PLC**
2211 Pump Road
Richmond, VA 23233
(804) 741-0400 x1
(804) 741-6175 (Facsimile)

**COUNSEL FOR FIRST COMMUNITY BANK**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Richmond Division

| | |
|---|---|
| In re ) | |
| ) | |
| **WILLIAM LEE ANDERSON,** ) | Case No. 16-33005-KRH |
| ) | Chapter 13 |
| **Debtor.** ) | |

## OBJECTION TO CONFIRMATION OF
## DEBTOR'S PROPOSED CHAPTER 13 PLAN
## AND TO MOTION TO VALUE COLLATERAL

First Community Bank ("FCB"), f/k/a First Community Bank, N.A., successor by merger to Peoples Bank of Virginia, by counsel and pursuant to 11 U.S.C. §§ 1322 and 1325, objects to confirmation of the proposed Chapter 13 Plan dated June 28, 2016 (the "Proposed Plan"), of William Lee Anderson (the "Debtor"), for the following reasons:

1.      The Debtor is obligated to FCB on a Promissory Note dated March 5, 2010, in the original principal amount of $138,353.86 (Loan No. 400615800), as amended by a Change in Terms Agreement dated December 18, 2015 (as amended, the "First Note"). The First Note is secured by a first priority deed of trust lien on improved real property in the County of Henrico, Virginia, commonly known as "6014 Club Road, Richmond, Virginia." The regular monthly payment of principal and interest on the First Note is $1,316.71.

2.      The Debtor is also obligated to FCB on a Promissory Note dated October 28, 2013 (Loan No. 25349605), in the original principal amount of $142,605.81 (the "Second Note"). The Second Note is secured by a first priority deed of trust lien on improved real

property in the County of Henrico, Virginia, commonly known as "6012 Club Road, Henrico, Virginia" and "5 South Holly Avenue, Henrico, Virginia" (the "South Holly Property"). The regular monthly payment of principal and interest on the Second Note is $936.82.

3. The Debtor filed a Chapter 13 voluntary petition on June 15, 2016 (the "Petition Date"). As of the Petition Date, the prepetition arrearage on the First Note was $4,327.97, and the prepetition arrearage on the Second Note was $4,591.26.

4. The Debtor has made no payments on either the First Note or the Second Note during the pendency of this Chapter 13 case.

5. The Debtor indicated in his schedules that he owns seven properties improved by single family residences (three of which are pledged to secure obligations owed FCB) and one unimproved parcel of real estate.

6. The Debtor did not disclose any leases of real property in his Schedule G.

7. In Schedule I, the Debtor disclosed a negative monthly income of $1,100 from rental property and from operating a business, profession, or farm. There was no statement attached to the Debtor's schedules explaining the basis of this figure. There was no indication what portion of this monthly negative figure relates to the Debtor's business (New Beginnings Homes, LLC) or from the leasing of his properties.

8. In Part 2 of Schedule J, the Debtor disclosed monthly expenses of $2,905. The costs of ownership of seven single family residences cannot have been included in this amount.

9. The Debtor has proposed a three-year plan. In Paragraph 1 of the Proposed Plan, the Debtor proposes to pay the Chapter 13 Trustee $300 per month for 36 months, together with payments of $72,500 by the end of the first year, $145,000 by the end of the second year, and $145,000 by the end of the third year.

10. In Paragraph 11 of the Proposed Plan, the Debtor indicates that he "…shall sell a sufficient number of his real properties, other than his residence, during the term of his plan to fund this chapter 13 plan."

11. The Proposed Plan does not address any of the following with respect to sales of the Debtor's real property:

    (a) The order in which his properties will be sold;

    (b) The anticipated offering prices;

    (c) The anticipated sale costs;

    (d) The status of payment of real estate taxes on each property;

    (e) The anticipated net sale proceeds and how such proceeds would be disbursed upon closing;

    (f) How any surplus in net sale proceeds beyond the first lien debt on a given property would be disbursed to creditors; and

    (g) The approval process to be followed prior to a sale of any given property.

12. The Proposed Plan values the South Holly Property at $50,000. The South Holly Property has a tax assessed value of $68,500 and an estimated value at Zillow.com of $118,373. The Proposed Plan, therefore, undervalues the South Holly Property.

13. Paragraph 3(D) of the Proposed Plan does not indicate the amount of the monthly payment proposed to FCB on account of the indebtedness secured by the South Holly Property. It simply states the payment will be some "pro rata" amount made by the Chapter 13 Trustee.

14. FCB objects to confirmation of the Proposed Plan for the following reasons:

    (a) It appears the Debtor failed to disclose on his schedules and statements the full extent of expenses relating to his real property and, if any of the single family residences he

owns are rented, he failed to disclose the existence of such leases and the income generated therefrom;

(b) The Proposed Plan does not provide for the curing within a reasonable time prepetition defaults on the First Note and the Second Note (payments on which shall extend beyond the Proposed Plan payments);

(c) The Proposed Plan undervalues the South Holly Property, and the interest rate proposed is less than the contract rate and the market rate;

(d) It is unclear whether the Debtor can make all payments contemplated by the Proposed Plan;

(e) The Debtor does not appear to have regular income; and

(f) The Debtor has failed to maintain post-petition payments on the First Note and the Second Note.

**WHEREFORE**, First Community Bank respectfully requests that the Court deny confirmation of the Debtor's Proposed Plan, and grant such further relief that this Court deems just and appropriate.

**FIRST COMMUNITY BANK**

*/s/ James D. Kepley, Jr.*
By_____
Counsel

James D. Kepley, Jr., VSB #30603
Kimberly A. Taylor, VSB #29823
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, VA 23233
(804) 741-0400 x1
(804) 741-6175 (Facsimile)
jkepley@kbbplc.com

COUNSEL FOR FIRST COMMUNITY BANK

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2016, the foregoing Objection was served electronically on the Chapter 13 Trustee and counsel of record for the Debtor, and sent by U.S. mail to the Debtor at his address of record.

*/s/ James D. Kepley, Jr.*
_____
James D. Kepley, Jr.

**James D. Kepley, Jr., VSB #30603**
**KEPLEY BROSCIOUS & BIGGS, PLC**
**2211 Pump Road**
**Richmond, VA 23233**
**(804) 741-0400 x1**
**(804) 741-6175 (Facsimile)**

**COUNSEL FOR FIRST COMMUNITY BANK**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Richmond Division

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | |
| **WILLIAM LEE ANDERSON,** | ) | Case No.  16-33005-KRH |
| | ) | **Chapter 13** |
| **Debtor.** | ) | |

### NOTICE OF OBJECTION TO CONFIRMATION OF
### DEBTOR'S PROPOSED CHAPTER 13 PLAN AND TO MOTION TO VALUE
### <u>COLLATERAL AND NOTICE OF HEARING THEREON</u>

First Community Bank ("FCB"), f/k/a First Community Bank, N.A., successor by merger to Peoples Bank of Virginia, by counsel, has objected to confirmation of the proposed Chapter 13 Plan dated June 28, 2016, of William Lee Anderson.

### <u>NOTICE OF HEARING</u>

Please take notice that FCB's objection shall be heard on August 17, 2016, at 11:10 a.m. in the United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia, in Courtroom 5000.

                        **FIRST COMMUNITY BANK**

                        */s/ James D. Kepley, Jr.*
      By_____
          Counsel

James D. Kepley, Jr., VSB #30603
Kimberly A. Taylor, VSB #29823
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, VA 23233
(804) 741-0400 x1
(804) 741-6175 (Facsimile)

COUNSEL FOR FIRST COMMUNITY BANK

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 10, 2016, the foregoing Notice of Objection and Notice of Hearing was served electronically on the Chapter 13 Trustee and counsel of record for the Debtor, and sent by U.S. mail to the Debtor at his address of record.

                                  */s/ James D. Kepley, Jr.*
                                  _____
                                  James D. Kepley, Jr.